**Order entered May 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01039-CV**

**IN RE THE ESTATE OF CURTIS MCCARTY**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-04019-D**

**ORDER**

This is an appeal from the trial court's November 16, 2021 order evicting appellant from commercial property. The order was not superseded and appellant did not vacate the property.

On April 26, 2022, we denied appellee's motion for the Court to either issue a judgment granting appellant all relief on appeal we have jurisdiction to grant and specifying the trial court's judgment "is in force" or authorize the county clerk to issue a writ of possession. In so doing, we noted, in part, that the trial court "has all powers necessary" for enforcement of its orders. *See* TEX. GOV'T CODE § 21.001(a).

Before the Court is appellant's May 20, 2022 letter asserting that, following our April 26 order, the trial court signed an order directing the county clerk to issue the writ of possession. Appellant asks that we clarify our April 26 order as, he contends, the trial court acted in contravention of it and lacked jurisdiction because under Texas Rule of Civil Procedure 510.8(d)(1), concerning writs in justice courts, the writ could not issue more than ninety days after the date of the possession order. We **DENY** the request.

/s/     BONNIE LEE GOLDSTEIN
          JUSTICE